UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KOREY PARKER, | ) |  |
|---|---|---|
|  | ) |  |
| Movant, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:09CV1053 CDP |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## **MEMORANDUM AND ORDER**

Movant Korey Parker brings this case under 28 U.S.C. § 2255, requesting a rehearing of his supervised release revocation. Parker was originally sentenced to forty-two months imprisonment and two years supervised release after he pleaded guilty to a single-count indictment charging him with possessing a firearm after being convicted of a felony. Criminal Case No. 4:03CR378 CDP. After I found that he violated the conditions of his supervised release, I sentenced Parker to twenty-four months imprisonment. Parker now moves for a rehearing on the revocation, claiming that he was actually innocent and that his counsel was ineffective. Parker adduces no new evidence supporting his actual innocence claim, however, and his claims of ineffective assistance of counsel are meritless. Accordingly, I will deny his motion.

*Background*

Parker originally pleaded guilty in May 2004 to a single-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1). He was sentenced to forty-two months imprisonment and two years supervised release. While he was on supervised release in September 2008, Parker was arrested and charged by the St. Louis Metropolitan Police after they found him in possession of a firearm and crack cocaine. I held a hearing to determine whether Parker violated the conditions of his release, and the government presented the testimony of the arresting officer, as well as signed statements by Parker and his girlfriend stating that the firearm belonged to Parker. After considering all the evidence, I found by a preponderance of the evidence that Parker violated the conditions of his supervised release, which required him not to commit another federal, state, or local crime; not to possess a controlled substance; and not to possess a firearm as defined in 18 U.S.C. § 921. Parker agreed to be sentenced to the statutory maximum of twenty-four months imprisonment, in exchange for the government's dismissing pending federal charges arising from the September 2008 arrest. I sentenced him accordingly.

*First Ground for Relief – Actual Innocence*

Parker now brings this motion for a rehearing of his supervised release, first asserting his actual innocence. Although framed as an actual innocence ground,

Parker is essentially challenging the sufficiency of the evidence. I have already held one hearing in this matter, however, where I determined that Parker violated the conditions of his supervised release after I considered all the evidence. As I told Parker at that hearing, I only needed to make this determination by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3) (district court may revoke the terms of supervised release if it "finds by a preponderance of the evidence that defendant violated a condition of supervised release").

Additionally, Parker does not submit any new evidence of his actual innocence, but instead accuses the arresting officer who testified at the hearing of perjuring himself. Parker also contends that this witness's testimony was the only evidence of Parker's guilt. As support for this accusation, Parker alleges that the witness was a member of a police unit that is allegedly renowned for violating citizens' constitutional rights, but he does not submit any actual evidence of the witness's perjury. I need not give weight to conclusory allegations, self-interested characterizations, or opprobrious epithets when I consider section 2255 motions, however, and I will not give any weight to Parker's accusations. *See United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). Moreover, Parker is incorrect that the arresting officer's testimony was the only evidence presented at the hearing; the government also presented a signed statement made by Parker admitting his guilt, and a statement from his girlfriend in which she stated that the firearm was

Parker's. Because Parker adduces no evidence of his innocence that would affect my finding of his guilt by a preponderance of the evidence, I will deny his first ground for relief.

*Second Ground for Relief – Ineffective Assistance of Counsel*

As his second ground for relief, Parker asserts that his counsel was ineffective for failing to investigate and request laboratory tests of the firearm and crack cocaine recovered from Parker at his arrest. It is well settled that the Sixth Amendment establishes the right to the effective assistance of counsel in a criminal case. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To show that counsel was ineffective, a convicted defendant must first prove that counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687-88. Second, the convicted defendant must show prejudice, which is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993). I do not need to address both components if the movant makes an insufficient showing on one. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

Parker contends that his counsel should have requested examinations of the firearm and crack cocaine recovered from him during his September 2008 arrest. However, the record reveals that laboratory tests were performed on the firearm

and the crack cocaine, establishing that Parker possessed a semi-automatic pistol with one magazine and five cartridges, and 0.75 grams of cocaine base. Parker cannot show that counsel was ineffective for failing to request additional testing. Aside from his own conclusory accusations, Parker adduces no evidence that the St. Louis Metropolitan Police were biased toward him or that the results of the laboratory tests were inaccurate. Counsel cannot be ineffective for failing to make a meritless argument. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

Finally, there is no evidence of prejudice. As I previously mentioned, the government presented several items of evidence at the hearing, including Parker's voluntary, signed statement in which he admitted to possessing the firearm and using cocaine, and the signed statement of his girlfriend, who said that the firearm was Parker's. Given this evidence, Parker cannot show that, but for his counsel's failure to request additional examinations, I would have determined there was insufficient evidence of his guilt. *See Strickland*, 466 U.S. at 694; *Engelen*, 68 F.3d at 241. Accordingly, Parker fails to establish ineffective assistance of counsel.

*Evidentiary Hearing and Certificate of Appealability*

As I mentioned above, I will not hold an evidentiary hearing on this motion. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless

the motion and the files and the records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citations omitted). As the motion, files, and records of this case conclusively show that Parker is entitled to no relief, I will not hold a hearing. Additionally, I will not issue a certificate of appealability in this case. Parker has not made a substantial showing of the denial of a federal constitutional right. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882083 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to different outcome on appeal, or otherwise deserving of further proceedings).

Finally, Parker has filed numerous documents asserting that I must grant relief under § 2255 because the government's response to the motion was untimely. The response was untimely, but I have no discretion to consider it. In any event, the government's delay in responding does not mean that Parker is entitled to relief on meritless claims.

Accordingly,

**IT IS HEREBY ORDERED** that Korey Parker's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [#1] and his amended motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [#7] are both denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as movant has not made a substantial showing of the denial of a federal constitutional right.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

A separate Judgement in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of January, 2010.